1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    HAKAM SINGH,                              No.  2:23-cv-00579 TLN DB PS

12              Plaintiff,

13        v.                                    ORDER

14    LLOYD AUSTIN III, Secretary, United
      States Department of Defense,
15

16              Defendant,

17

18        Plaintiff Hakam Singh is proceeding in this action pro se.  This matter was referred to the

19    undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).[1]  Pending

20    before the undersigned are defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6)

21    of the Federal Rules of Civil Procedure and plaintiff's motion for the appointment of counsel.

22    (ECF Nos. 49 & 55.)  For the reasons stated below, defendant's motion to dismiss is granted,

23    plaintiff is granted leave to file an amended complaint, and plaintiff's motion for the appointment

24    of counsel is denied.

25    ////

26    ////

27    _____

28    [1] Plaintiff commenced this action in the Northern District of California.  On March 28, 2023, the
      action was transferred to this court.  (ECF No. 46.)

                                                1

1

**BACKGROUND**

2          Plaintiff, proceeding pro se, commenced this action on September 13, 2021, by filing a

3   complaint and paying the applicable filing fee.  (ECF No. 1.)  The complaint consists of a form

4   complaint with boxes checked indicating that the suit concerns discrimination and retaliation.

5   (Compl. (ECF No. 1) at 2.[2])  The complaint cites to "List Attached" with respect to the facts

6   supporting the complaint.

7          According to the "List of Issues" attached to the complaint plaintiff "was refused to use . .

8   . sick leave" despite having adequate leave time.  (Id. at 4.)  Plaintiff later had "emergency triple

9   bypass heart surgery" which might have been avoided if plaintiff had an "earlier . . .

10  appointment."  (Id.)  Despite increased store sales and an "impact award" plaintiff was only given

11  "met" markings on a performance appraisal.  (Id.)  This "is clearly evidence of Discrimination."

12  (Id.)  "Due to circumstances created by management" plaintiff resigned.  (Id.)  Plaintiff "heard"

13  that plaintiff is being "'BLACK BALL' in department."  (Id.)

14         On April 18, 2023, defendant filed a motion to dismiss.  (ECF No. 49.)  On June 5, 2023,

15  plaintiff filed a motion for the appointment of counsel.[3]  (ECF No. 55.)  On July 25, 2023,

16  defendant's motion was taken under submission.

17

**STANDARDS**

18  **I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

19         Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

20  motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

21  claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may

22  either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

23  existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,

24  594 F.2d 730, 733 (9th Cir. 1979).

25

26  [2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

27

28  [3] In addition to seeking the appointment of counsel the undersigned has construed plaintiff's filing as an opposition to defendant's motion to dismiss.

2

1    When a party brings a facial attack to subject matter jurisdiction, that party contends that

2    the allegations of jurisdiction contained in the complaint are insufficient on their face to

3    demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

4    (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards

5    similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,

6    23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

7    1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted

8    only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v.

9    Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v.

10   Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review

11   evidence beyond the complaint without converting the motion to dismiss into a motion for

12   summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

13   When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no

14   presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d

15   at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any

16   evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

17   jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule

18   12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden

19   of establishing that such jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

20   **II.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

21   The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

22   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

23   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

24   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

25   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

26   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

27   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

28   ////

3

1   the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

2   Iqbal, 556 U.S. 662, 678 (2009).

3         In determining whether a complaint states a claim on which relief may be granted, the

4   court accepts as true the allegations in the complaint and construes the allegations in the light

5   most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

6   United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less

7   stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,

8   520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the

9   form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

10  Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than

11  an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A

12  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

13  elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676

14  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

16  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

17  not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

18  459 U.S. 519, 526 (1983).

19                                    **ANALYSIS**

20  **I.      Defendant's Motion to Dismiss**

21        Review of defendant's motion to dismiss finds that it must be granted. In this regard, the

22  complaint does not identify a claim. Nor does it allege factual allegations that state the elements

23  of a claim. Instead, the complaint simply has a "List of Issues" consisting of the vague and

24  conclusory allegations recounted above concerning plaintiff's doctor's appointment, performance

25  evaluation, and resignation. While the complaint indicates this action concerns employment

26  discrimination and retaliation, there a no facts offered to support such claims.

27        Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

28  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

                                           4

1    state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

2    Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

3    and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

4    does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

5    enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

6    557).  A plaintiff must allege with at least some degree of particularity overt acts which the

7    defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

8         Moreover, attached to the complaint is a "Final Order" regarding a Equal Employment

9    Opportunity Commission ("EEOC") complaint.  (ECF No. 1 at 13.)  That order examined

10   whether plaintiff "was discriminated against based on race . . . and subject to retaliation and

11   harassment . . . at Fallon Commissary[.]"  (Id.)

12        Plaintiff is advised that "Title VII 'provides the exclusive judicial remedy for claims of

13   discrimination in federal employment.'"  Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 197 (9th Cir.

14   1995) (quoting Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976); see also Vinieratos v.

15   U.S., Dept. of Air Force Through Aldridge, 939 F.2d 762, 773 (9th Cir. 1991) ("the

16   Rehabilitation Act of 1973 does not establish an alternative route to judicial review for litigants

17   who claim to have suffered from handicap discrimination").

18        "Title VII exists in large part 'to make persons whole for injuries suffered on account of

19   unlawful employment discrimination.'"  Clemens v. Centurylink Inc., 874 F.3d 1113, 1115 (9th

20   Cir. 2017) (quoting Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975)).  To this end,

21   "Title VII forbids certain employers from 'discriminat[ing] against any individual with respect to

22   [her] compensation, terms, conditions, or privileges of employment, because of such individual's

23   race, color, religion, sex, or national origin.'"  Campbell v. Hawaii Department of Education, 892

24   F.3d 1005, 1012 (9th Cir. 2018) (quoting 42 U.S.C. § 2000e-2(a)(1)).

25        To prevail on a disparate treatment claim of race-based discrimination, plaintiff "must first

26   establish a prima facie case by showing that: (1) she belongs to a protected class, (2) she was

27   qualified for the position in question, (3) she was subject to an adverse employment action, and

28   (4) similarly situated individuals outside her protected class were treated more

1    favorably." Campbell, 892 F.3d at 1012 (citing Chuang v. Univ. of Cal. Davis, 225 F.3d 1115,

2    1123 (9th Cir. 2000)); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)

3    ("The complainant in a Title VII trial must carry the initial burden under the statute of

4    establishing a prima facie case of racial discrimination.  This may be done by showing (i) that he

5    belongs to a racial minority; (ii) that he applied and was qualified for a job for which the

6    employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv)

7    that, after his rejection, the position remained open and the employer continued to seek applicants

8    from persons of complainant's qualifications.").

9           However, "[i]n order to bring a Title VII claim in district court, a plaintiff must first

10   exhaust her administrative remedies." Sommatino v. U.S., 255 F.3d 704, 707 (9th Cir. 2001).  A

11   plaintiff exhausts their "administrative remedies by filing a charge with the EEOC . . . and

12   receiving a right-to-sue letter." Scott v. Gino Morena Enterprises, LLC, 888 F.3d 1101, 1106 (9th

13   Cir. 2018).

14          The court only has jurisdiction over "charges of discrimination that are like or reasonably

15   related to the allegations made in the EEOC charge, or that fall within the EEOC investigation

16   which can reasonably be expected to grow out of the charge of discrimination." Deppe v. United

17   Airlines, 217 F.3d 1262, 1267 (9th Cir. 2000) (quotation omitted).  "We 'consider [a] plaintiff's

18   civil claims to be reasonably related to allegations in the charge to the extent that those claims are

19   consistent with the plaintiff's original theory of the case.'" Freeman v. Oakland Unified School

20   Dist., 291 F.3d 632, 636 (9th Cir. 2002) (quoting B.K.B. v. Maui Police Dept., 276 F.3d 1091,

21   1100 (9th Cir. 2002)).

22          "[T]he inquiry into whether a claim has been sufficiently exhausted must focus on the

23   factual allegations made in the charge itself, describing the discriminatory conduct about which a

24   plaintiff is grieving." Freeman, 291 F.3d at 637.

25              In determining whether a plaintiff has exhausted allegations that she
26              did not specify in her administrative charge, it is appropriate to
                consider such factors as the alleged basis of the discrimination, dates
                of discriminatory acts specified within the charge, perpetrators of
27              discrimination named in the charge, and any locations at which
                discrimination is alleged to have occurred.  In addition, the court
28              should consider plaintiff's civil claims to be reasonably related to

                                                    6

1

allegations in the charge to the extent that those claims are consistent
with the plaintiff's original theory of the case.

2

3   B.K.B., 276 F.3d at 1100.

4       Here, because of the vague and conclusory nature of the complaint it is entirely unclear

5   what claims plaintiff is attempting to allege and whether those claims were exhausted by the

6   complaint plaintiff filed with the EEOC.  If plaintiff were seeking to bring unexhausted claims,

7   those claims would be subject to dismissal.  See generally Chew v. City and County of San

8   Francisco, 714 Fed. Appx. 687, 691 (9th Cir. 2017) ("Because Plaintiff failed adequately to

9   disclose to the EEOC and the DFEH the claims advanced here, he failed to exhaust his

10  administrative remedies.  This barred his Title VII and FEHA claims, and warranted summary

11  judgment for Defendants."); Mayo v. Recycle to Conserve, Inc., 795 F.Supp.2d 1031, 1046 (E.D.

12  Cal. 2011) ("The court finds that an investigation into whether plaintiff was terminated to retaliate

13  against plaintiff for engaging in protected activity could not 'reasonably be expected to grow out

14  of the charge' that defendant terminated plaintiff because of his race.").

15      Because the complaint fails to state a claim defendant's motion to dismiss must be

16  granted.

17  **II.     Leave to Amend**

18      The undersigned has carefully considered whether plaintiff could amend the complaint to

19  state a claim upon which relief could be granted.  Valid reasons for denying leave to amend

20  include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v.

21  Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n

22  v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to

23  amend shall be freely given, the court does not have to allow futile amendments).

24      Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend

25  would be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted

26  leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file

27  an amended complaint "the tenet that a court must accept as true all of the allegations contained

28  in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause

7

1  of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.

2  "While legal conclusions can provide the complaint's framework, they must be supported by

3  factual allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line

4  from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

5          Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

6  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

7  in itself without reference to prior pleadings.  The amended complaint will supersede the original

8  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,

9  just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

10  and identified in the body of the complaint, and each claim and the involvement of each

11  defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

12  must also include concise but complete factual allegations describing the conduct and events

13  which underlie plaintiff's claims.

14  **III.     Plaintiff's Motion for the Appointment of Counsel**

15          On June 5, 2023, plaintiff filed a motion requesting the court "grant" plaintiff "an

16  attorney" to "represent" plaintiff.  (ECF No. 55 at 1.)  Plaintiff is informed that federal district

17  courts lack authority to require counsel to represent indigent plaintiffs in civil cases.  See Mallard

18  v. United States Dist. Court, 490 U.S. 296, 298 (1989).  The court may request the voluntary

19  assistance of counsel under the federal in forma pauperis statute, but only under exceptional

20  circumstances.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

21  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional

22  circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and

23  the plaintiff's ability to articulate his or her claims.  See Wilborn v. Escalderon, 789 F.2d 1328,

24  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

25          Here, plaintiff is not proceeding in forma pauperis.  And plaintiff's complaint will be

26  dismissed with leave to amend for failure to state a claim.  At this stage of the proceedings, the

27  undersigned cannot find that plaintiff's likelihood of success on the merits and ability to articulate

28  ////

1  plaintiff's claims satisfies the test for exceptional circumstances.  Accordingly, plaintiff's motion

2  for the appointment of counsel will be denied.

3                                              **CONCLUSION**

4        Accordingly, IT IS HEREBY ORDERED that:

5        1.  Defendant's April 18, 2023 motion to dismiss (ECF No. 49) is granted;

6        2.  The complaint filed September 13, 2021 (ECF No. 1) is dismissed with leave to

7  amend;

8        3.  Within twenty-eight days from the date of this order, an amended complaint shall be

9  filed that cures the defects noted in this order and complies with the Federal Rules of Civil

10  Procedure and the Local Rules of Practice.[4]  The amended complaint must bear the case number

11  assigned to this action and must be titled "Amended Complaint";

12        4.  Plaintiff's June 5, 2023 motion for the appointment of counsel (ECF No. 55) is denied

13  without prejudice to renewal; and

14        5.  Plaintiff is cautioned that the failure to comply with this order in a timely manner may

15  result in a recommendation that this action be dismissed.

16  Dated:  January 11, 2024

17

18                                                           _____

19                                                           DEBORAH BARNES
                                                             UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25  DLB:6
    DB/orders/orders.pro se/singh0579.mtd.ord

26

27  _____

28  [4] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of
    voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.